UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CURTIS NOBLE, IRIS DELGADO, and JAMES SIMPSON<br><br>     Plaintiffs,<br> v.<br><br>SANTANDER CONSUMER USA INC.<br><br>     Defendant. | Case No. 4:16-cv-1619<br><br>**PLAINTIFFS' ORIGINAL COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CURTIS NOBLE, IRIS DELGADO, and JAMES SIMPSON ("Plaintiffs") bring this action against Defendant SANTANDER CONSUMER USA INC. ("Defendant") to stop Defendant's practice of making illegal debt collection calls to the cellular telephones of Plaintiffs, and to obtain redress for injuries caused by Defendant's conduct. Plaintiffs, for their Complaint, allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## INTRODUCTION

1. "The right to be let alone is indeed the beginning of all freedom."[1] Plaintiffs bring this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") and the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2. Defendant is a debt collection company that engages in reckless and aggressive debt collection practices which outright ignore controlling federal and state law, and the rights of the called parties.

---

[1] *Public Utilities Commission v. Pollak*, 343 U.S. 451, 467 (1952) (Douglas, J., dissenting).

1

3. Defendant repeatedly made unsolicited calls to Plaintiffs' cellular telephones in violation of the TCPA. Defendant made the unauthorized and illegal calls to Plaintiffs' cell phones using an automatic telephone dialing system ("ATDS") or pre-recorded voice for the purpose of bullying Plaintiffs into paying an allegedly deficient balance. Defendant also called Plaintiffs after they clearly stated they did not wish to be called again. Several of Defendant's calls also violate the FDCPA, which is a statute Congress passed to prevent harassing, unconscionable, and unfair debt collection practices.

**PARTIES**

4. Plaintiff CURTIS NOBLE is a natural person and citizen of Houston, Texas.

5. Plaintiff IRIS DELGADO is a natural person and citizen of Kyle, Texas.

6. Plaintiff JAMES SIMPSON is a natural person and citizen of Terrell, Texas.

7. Defendant SANTANDER CONSUMER USA INC. is a corporation under the laws of the State of Illinois. Defendant maintains its principal office at Dallas, Texas, and may be served with process by serving its Registered Agent, CT CORPORATION SYSTEM, 1999 Bryan St., Ste. 900 Dallas, TX 75201-3136.

8. Whenever in this complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

**JURISDICTION & VENUE**

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action

arises under the TCPA, which is a federal statute.

10. The Court has personal jurisdiction over Defendant because it conducts significant business in this District, and the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District. Furthermore, the exercise of personal jurisdiction over Defendant in this District does not offend traditional notions of fair play or substantial justice. For these same reasons, venue is proper in this District.

## LEGAL BASIS FOR THE CLAIMS

### The TCPA

11. Congress enacted the TCPA in 1991 to address certain practices thought to be an invasion of consumer privacy and a risk to public safety. The TCPA and the Federal Communications Commission's ("FCC") implemented rules prohibit: (1) making telemarketing calls using an artificial or prerecorded voice to residential telephones without prior express consent; and (2) making any non-emergency call using an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice to a wireless telephone number without prior express consent. If the call includes or introduces an advertisement, or constitutes telemarketing, consent must be in writing.[2] Calls that include non-marketing messages require consent, but not written consent. The TCPA grants consumers a private right of action, with a provision for $500 or the actual monetary loss in damages for each violation, whichever is greater, and treble damages for each willful or knowing violation, as well as injunctive relief.

12. Since the TCPA's passage in 1991, the FCC has taken multiple actions implementing and interpreting the TCPA, and has issued numerous Declaratory Rulings clarifying

---

[2] Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered. 47 C.F.R. § 64.1200(f)(8).

specific aspects of the TCPA. The most recent, FCC Omnibus Order of July 10, 2015, (the "Order") provided further protection to consumers by, among other things, clarifying that ATDS is broadly defined, confirming liability attaches to calls made to the wrong number or reassigned number, and clarifying consumers may revoke consent through reasonable methods. *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, FCC 15–72, 30 F.C.C.R. 7961, (July 10, 2015), available at https://www.fcc.gov/document/tcpa-omnibus-declaratory-ruling-and-order. The Order defines an "autodialer" as equipment/software that has the future capacity to dial randomly or sequentially. "In other words, the capacity of an autodialer is not limited to its current configuration but also includes its potential functionalities." The Order clarifies the meaning of "capacity" and that "any call" made using a device with the capacity to serve as an ATDS requires consent under the TCPA, even if the caller is not "actually…using those functionalities to place calls" at the time. *Derby v. AOL, Inc.*, No. 5:15-CV-00452-RMW, 2015 WL 5316403, at *3 (N.D. Cal. Sept. 11, 2015).

13.  The Order also states that calls placed to the wrong number or a reassigned number are made with knowledge of the error after the first call; and consumers may revoke consent through any reasonable method, including orally: "[w]e clarify, however, that callers who make calls without knowledge of reassignment and with a reasonable basis to believe that they have valid consent to make the call should be able to initiate one call after reassignment as an additional opportunity to gain actual or constructive knowledge of the reassignment and cease future calls to the new subscriber. If this one additional call does not yield actual knowledge of reassignment, we deem the caller to have constructive knowledge of such;" "[c]onsumers generally may revoke, for example, by way of a consumer-initiated call, directly in response to a call initiated or made by a caller, or at an in-store bill payment location, among other possibilities."

4

14. Furthermore, the TCPA established the National Do-Not-Call List, and also mandates all businesses that place calls for marketing purposes maintain an "internal" do-not-call list ("IDNC"). See 47 C.F.R. § 64.1200(d). The IDNC is "a list of persons who request not to receive telemarketing calls made by or on behalf of that [seller]." *Id*. The TCPA prohibits a company from calling individuals on its IDNC list or on the IDNC list of a seller on whose behalf the telemarketer calls, even if those individuals' phone numbers are not on the National Do-Not-Call Registry. *Id.* at § 64.1200(d)(3), (6). Any company, or someone on the company's behalf, who calls a member of the company IDNC is liable to that person under the TCPA. The called party is then entitled to bring a private action under the TCPA for monetary and injunctive relief.

15. Finally, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration, 23 FCC Rcd. 559, 565, ¶ 10 (Jan. 4, 2008); *Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 WL 7062748 (Dec. 31, 2012).

16. Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call. Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

### The FDCPA

17. In 1978, Congress enacted the FDCPA in response to data showing that abusive collection practices lead to an increase in personal bankruptcy filings, marital instability, loss of employment, and invasion of personal privacy. The FDCPA prohibits false, deceptive, misleading,

harassing, abusive and offensive conduct during collection of consumer debts. *See* 15 U.S.C. § 1692a, *et seq.* In particular, the FDCPA prohibits, *inter alia*, the following practices:

- Discussing debt with a third party. 15 U.S.C. § 1692b(2)

- Contacting a third party more than one time for the purpose of obtaining debtor's location information. 15 U.S.C. § 1692d(1)

- Calling debtor's workplace if debtor notified debt collector that such calls are unwanted. 15 U.S.C. § 1692c(a)(3)

- Calling debtor before the hours of 8 a.m. or 9 p.m. 15 U.S.C. § 1692c(a)(1)

- The collector from threatening violence or the use of criminal activity towards the consumer or property. 15 U.S.C. § 1692d(1)

- The collector from using obscene or profane language. 15 U.S.C. § 1692d(2)

- The collector from engaging in harassing, abusive and/or oppressive conduct. 15 U.S.C. § 1692d

- The collector from making false, deceptive, or misleading statements. 15 U.S.C. § 1692e, e(10)

- The collector from stating or implying that non-payment will result in arrest or criminal prosecution. 15 U.S.C. § 1692e(4)

- The collector from threatening suit, garnishment, or seizure of property without the legal ability to do the same. 15 U.S.C. § 1692e(5)

- The collector from failing to identify itself and the purpose of the call. 15 U.S.C. § 1692e(11)

18. The FDCPA further expressly provides a private right of action to anyone who receives prohibited collection calls. A prevailing plaintiff under the FDCPA is entitled to recovery

of actual damages (including mental anguish), a statutory penalty of $1,000, plus costs and attorneys' fees. 15 U.S.C. § 1692k(a).

## FACTS SPECIFIC TO PLAINTIFF CURTIS NOBLE

19. Beginning around March 2016, Noble began to receive calls from the number 888-222-4227, a number associated with Defendant. Since that time, Noble has received at least 10 calls from Defendant.

20. Noble received all calls described above on his cellular telephone assigned a number ending in 1996.

21. Defendant and/or third parties on Defendant's behalf, placed all the calls described above using an ATDS, as defined by 47 U.S.C. § 227(a)(1) without first obtaining Noble's prior express written consent.

22. When Noble answered the calls, there was silence before Defendant's live representative engaged on the other end of the line.

23. The purpose of the calls was to collect a personal debt. However, Defendant repeatedly asked to speak with a person unknown to Noble. Noble told Defendant to stop calling, and that Noble was not the person the live representative was seeking. Defendant's live representative would hang up after Noble stated that he was not the intended recipient of the call.

24. Still, Defendant continued to call.

25. Noble never provided Defendant consent to call him for any purpose.

26. Noble felt the calls were an invasion of his privacy and wanted Defendant to stop calling. Defendant ignored Noble's multiple requests and continued to call him.

27. Based on the circumstances of the calls (e.g. dead air, large volume of calls, continued calls after protest), Noble believed Defendant called his cellular telephone using an ATDS that mechanically selected his number from a computer database.

28. On information and belief, Defendant's ATDS called Noble on every occasion.

29. The telephone number Defendant called was assigned to a cellular telephone service for which usage minutes accumulate when calls are placed to that number.

30. Noble is the regular carrier and exclusive user of the cellular telephone assigned the number ending in 1996.

31. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

32. Noble did not provide Defendant with prior express written consent to place calls to his cellular telephone utilizing an ATDS or artificial or pre-recorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A) and 47 C.F.R. § 64.1200(a)(3).

33. All calls Defendant made to Noble violate 47 U.S.C. § 227.

## FACTS SPECIFIC TO PLAINTIFF IRIS DELGADO

34. Beginning around March 2016, Delgado began to receive calls from the number 888-222-4227, which is associated with Defendant. At the time Delgado filed this lawsuit, she had received at least 10 debt collection calls from Defendant, sometimes multiple calls in a single day.

35. Delgado received all calls described above on her cellular telephone assigned a number ending in 4698.

36. Defendant and/or third parties on Defendant's behalf, placed all the calls described above using an ATDS, as defined by 47 U.S.C. § 227(a)(1) without first obtaining Delgado's prior express written consent.

37. Delgado answered at least one of these calls and interacted with the caller's live representative after being transferred by the dialing system.

38. When Delgado answered the calls, there was a momentary pause ("dead air") before Defendant's live representative engaged on the other end of the line.

39. The purpose of the calls was to collect on an alleged personal debt for an automobile loan.

40. Delgado attempted to work with Defendant's live representative because she could not pay the debt at that time. Defendant's live representative refused to work with Delgado in order to help her pay down the alleged debt. As a result, Delgado asked Defendant to cease the harassing and abusive calls.

41. Still, Defendant continued to call. On at least one occasion, Defendant called Delgado four times in one day, with two of the four calls being only thirty minutes apart.

42. Delgado felt the calls were an invasion of privacy and wanted Defendant to stop calling. Defendant ignored Delgado's request and continued to call her.

43. Based on the circumstances of the calls (e.g. dead air, large volume of calls, repeated calls after protest), Delgado believed Defendant called her cellular telephone using an ATDS that mechanically selected her number from a computer database.

44. On information and belief, Defendant's ATDS called Delgado on every occasion.

45. The telephone number Defendant called was assigned to a cellular telephone service for which usage minutes accumulate for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

46. Delgado is the regular carrier and exclusive user of the cellular telephone assigned the number ending in 4698.

47. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1(A)(i).

48. Delgado did not provide Defendant with prior express written consent to place calls to her cellular telephone utilizing an ATDS or artificial or pre-recorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A) and 47 C.F.R. § 64.1200(a)(3).

49. Delgado is a consumer who Defendant is attempting to collect from on behalf of a third party. Accordingly, the debt allegedly owed to Defendant is a consumer debt.

50. On information and belief, Defendant dedicates a substantial portion of its business to debt collection. Defendant regularly engages in the practice of collecting debts.

51. All calls Defendant made to Delgado violate 47 U.S.C. § 227, and 15 U.S.C. § 1692.

## FACTS SPECIFIC TO PLAINTIFF JAMES SIMPSON

52. Beginning around December 2015, Simpson began to receive calls from the number 888-222-4227, which is associated with Defendant. Since that time, Simpson has received at least 67 calls from Defendant.

53. Simpson received all calls described above on his cellular telephone assigned a number ending in 3059.

54. Defendant and/or third parties on Defendant's behalf, placed all the calls described above using an ATDS, as defined by 47 U.S.C. § 227(a)(1) without first obtaining Simpson's prior express written consent.

55. When Simpson answered the calls, there was a brief lapse or pause before Defendant's live representative engaged on the other end of the line.

56. The purpose of the calls was to collect on a personal debt for an automobile loan.

57. Simpson asked Defendant to stop the harassing and abusive calls, but Defendant persisted in calling.

58. On at least one occasion, Defendant called Simpson at his place of work regarding the debt.

59. Simpson never provided Defendant consent to call him for any purpose.

60. Simpson felt the calls were an invasion of his privacy and wanted Defendant to stop calling. Defendant ignored Simpson's multiple requests and continued to call him.

61. Based on the circumstances of the calls (e.g. dead air, large volume of calls, continued calls after protest), Simpson believed Defendant called his cellular telephone using an ATDS that mechanically selected his number from a computer database.

62. On information and belief, Defendant's ATDS called Simpson on every occasion.

63. The telephone number Defendant called was assigned to a cellular telephone service for which usage minutes accumulate when calls are placed to that number.

64. Simpson is the regular carrier and exclusive user of the cellular telephone assigned the number ending in 3059.

65. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1(A)(i).

66. Simpson did not provide Defendant with prior express written consent to place calls to his cellular telephone utilizing an ATDS or artificial or pre-recorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A) and 47 C.F.R. § 64.1200(a)(3).

67. Simpson is a consumer who Defendant is attempting to collect from on behalf of a third party. Accordingly, the debt allegedly owed to Defendant is a consumer debt.

68. On information and belief, Defendant dedicates a substantial portion of its business to debt collection. Defendant regularly engages in the practice of collecting debts.

69. All calls Defendant made to Simpson violate 47 U.S.C. § 227, and 15 U.S.C. § 1692.

### FIRST CAUSE OF ACTION
### ALL PLAINTIFFS
(VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.*)

70. Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

71. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.* and 47 C.F.R. §64.1200, *et seq.*

72. As a result of Defendant's violations of 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. §64.1200, *et seq.,* Plaintiffs are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

73. Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION
### ALL PLAINTIFFS
(KNOWING AND/OR WILLFUL VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.*)

74. Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

75. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.* and 47 C.F.R. §64.1200, *et seq.*

76. As a result of Defendant's violations of 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. §64.1200, *et seq.* Plaintiffs are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

77. Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### THIRD CAUSE OF ACTION
### PLAINTIFFS DELGADO AND SIMPSON
(VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.*)

78. Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

79. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above cited provisions of 15 U.S.C. § 1692d(2), 15 U.S.C. § 1692d, and 15 U.S.C. § 1692e(5).

80. As a result of Defendant's violations of the FDCPA, Plaintiffs are entitled to an award of $1,000.00 in statutory damages, for each and every violation, and actual damages, including mental anguish.

### ATTORNEY'S FEES

81. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

82. Plaintiffs are entitled to recover reasonable attorney fees and request the attorneys' fees be awarded.

## JURY DEMAND

83. Plaintiffs demand a jury trial on all issues triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

- An award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227, *et seq.*;

- An award of $1,500.00 in statutory damages, for each and every willful and/or knowing violation, pursuant to 47 U.S.C. § 227, *et seq.*;

- An award of $1,000.00 in statutory damages, for each and every violation, pursuant to 15 U.S.C. § 1692, *et seq.*;

- Actual damages, including mental anguish.

- Preliminary and permanent injunctive relief enjoining Defendant, its agents, servants and employees, and all persons acting in concert with them, from engaging in, and continuing to engage in, the unlawful calls made with automated dialing systems to cellular phones, and enjoining Defendant from engaging in abusive and oppressive collection practices as outlined in this Complaint.

- Attorneys' fees, costs and any and all other relief deemed just and proper.

Dated: June 8, 2016                                       Respectfully Submitted,


                                                          */s/ Jarrett L. Ellzey*_____
                                                          W. Craft Hughes
                                                          Jarrett L. Ellzey
                                                          **HUGHES ELLZEY, LLP**
                                                          2700 Post Oak Blvd., Ste. 1120
                                                          Galleria Tower I
                                                          Houston, TX 77056
                                                          Phone: (713) 554-2377
                                                          Fax: (888) 995-3335
                                                          E-Mail: craft@hughesellzey.com
                                                                      jarrett@hughesellzey.com

                                                          Bryant Fitts
                                                          Texas Bar No. 24040904
                                                          bfitts@fittslawfirm.com
                                                          **FITTS LAW FIRM, PLLC**
                                                          2700 Post Oak Blvd., Suite 1120
                                                          Houston, Texas 77056
                                                          Phone (713) 871-1670
                                                          Fax (713) 583-1492

                                                          **ATTORNEYS FOR PLAINTIFFS**